MAYER BROWN LLP
BRANDON D. BAUM (SBN 121318)
*baum@mayerbrown.com*
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331 2060

SHARON A. ISRAEL (*pro hac vice*)
*sisrael@mayerbrown.com*
700 Louisiana St.
Suite 3400
Houston, TX 77002
Telephone: (713) 238-3000
Facsimile: (713) 238-4888

Attorneys for Defendants
ZI CORPORATION, a Canadian corporation,
and ZI CORPORATION OF AMERICA, INC.,
a Nevada corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ASIAN COMMUNICATIONS PTY LTD., an Australian corporation, and TEGIC COMMUNICATIONS, INC., a Washington corporation,,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ZI CORPORATION, a Canadian corporation, and ZI CORPORATION OF AMERICA, INC., a Nevada corporation,<br>                    Defendants. | Case No. 00-CV-0989 MMC<br><br>**[PROPOSED]** ORDER GRANTING ZI'S MOTION TO COMPEL ARBITRATION AND DENYING WITHOUT PREJUDICE (1) TEGIC'S MOTION FOR LEAVE TO FILE MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF CONSENT JUDGMENT AND (2) TEGIC'S MOTION FOR CONTEMPT |

## [PROPOSED] ORDER

The following motions came on regularly for hearing before this Court on Friday, November 7, 2008:

(1) Plaintiff Tegic Communications, Inc.'s ("Tegic") Motion for Leave to File Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt of Consent Judgment ("Motion for Leave," dkt. no. 413);

(2) Tegic's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt of Consent Judgment ("Contempt Motion," dkt. no. 408);

(3) Defendants Zi Corporation and Zi Corporation of America's (collectively "Zi") Cross-Motion to Compel Arbitration or, in the Alternative, Stay Proceedings Pending Arbitration ("Arbitration Motion," dkt. no. 449); and

(4) Zi's Motion for Leave to File Surreply to Plaintiff's Reply in Support of Motion for Order to Show Cause ("Motion for Leave to File Surreply," dkt. no. 459).

Having considered the parties' briefs and evidence in support of and in opposition to these motions, the arguments of counsel, the file in this case, and other matters of which the Court may take judicial notice, the Court:

(1) GRANTS Zi's Motion for Leave to File Surreply;

(2) ORDERS that the disputes arising out of or relating to the matters Tegic raised in its Motion for Leave and its Contempt Motion are referred to arbitration under the terms of the parties' Settlement Agreement, the parties remaining free to make jurisdictional objections in such arbitration. The Court makes no ruling as to whether any such issues are subject to arbitration;

///

///

///

44050787

1

    (3) DENIES, without prejudice, Tegic's Motion for Leave and Contempt Motion.

IT IS SO ORDERED.

Dated: November 19, 2008

                                           Hon. Maxine M. Chesney
                                           U.S. District Judge

APPROVED AS TO FORM:

Dated: November 18, 2008                    MAYER BROWN LLP

                                           By:   *Eric B. Evans*

                                           MAYER BROWN LLP
                                           Two Palo Alto Square, Suite 300
                                           3000 El Camino Real
                                           Palo Alto, CA 94306-2112

                                           *Counsel for Defendants Zi Corporation and Zi Corporation of America, Inc.*

Dated: November 18, 2008                    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                           By:

                                           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
                                           555 Twin Dolphin Drive, Suite 560
                                           Redwood Shores, CA 94065

                                           *Counsel for Plaintiff Tegic Communications, Inc.*

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.*